**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────────────────────

**ARIELLE A. SHAFFER, o/b/o Z.L.S.R.,**

       **Plaintiff,**

v.                                                         **5:15-CV-0769 (BKS/DJS)**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security,**

       **Defendant.**
───────────────────────────────────────────────

**Appearances:**

Howard D. Olinsky
Olinsky Law Group
One Park Place
300 S. State Street, Suite 420
Syracuse, NY 13202
For Plaintiff

Richard S. Hartunian, United States Attorney
Sergei Aden, Special Assistant United States Attorney
Social Security Administration
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, NY 10278
For Defendant

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff Arielle A. Shaffer, on behalf of her son, Z.L.S.R., a minor, filed this action under

42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of the Commissioner of Social Security's

denial of Z.L.S.R.'s application for Supplemental Security Income Benefits. (Dkt. No. 1). On

August 18, 2016, the Court entered judgment in Plaintiff's favor and remanded this case for further proceedings. (Dkt. No. 22). As the prevailing party, Plaintiff moves under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorney's fees and costs in the sum of $9,361.35. (Dkt. No. 24). The Commissioner opposes Plaintiff's motion on the grounds that: (1) the Commissioner's position was substantially justified; and (2) the fee request is excessive. (Dkt. No. 25). For the following reasons, Plaintiff's motion is granted.

## II.    BACKGROUND

United States Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order recommending that the Commissioner's decision be affirmed. (Dkt. No. 19, pp. 14–15). Magistrate Judge Stewart found that (1) substantial evidence, including the opinions of Z.L.S.R.'s speech pathologist, supported the ALJ's determination; and (2) that the ALJ properly weighed the opinions provided by Z.L.S.R.'s teachers. (Dkt. No. 19, pp. 11–13). Plaintiff filed an objection to the Report-Recommendation arguing, *inter alia*, that the ALJ failed to apply the treating source rule to the opinion of Z.L.S.R.'s speech language pathologist. (Dkt. No. 20, p. 2). Upon *de novo* review, the Court agreed with Plaintiff, rejected the Report-Recommendation, and remanded this matter to the Commissioner for further consideration. (Dkt. No. 22).

## III.    DISCUSSION

### A.    Standard – EAJA

The EAJA provides that:

> A court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "The Commissioner bears the burden of showing that his position was 'substantially justified,' which the Supreme Court has construed to mean 'justified to a degree that could satisfy a reasonable person.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). This requires the Commissioner to "demonstrate that [her] position had a reasonable basis both in law and fact." *Id.* (internal quotation marks omitted). "When assessing the 'position of the United States,'" the court must "review both 'the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based.'" *Id.* at 82 (quoting 28 U.S.C. § 2412(d)(2)(D)).

### B.  Substantially Justified

The Commissioner argues that there was a reasonable basis for her position "because the ALJ was plainly aware of and extensively referenced the evidence from Ms. Zeppa." (Dkt. No. 25, p. 6). It is well-settled that "[i]f a qualified speech-language pathologist treated a claimant, the pathologist's report should be evaluated under the treating-physician rule." *Baldwin v. Astrue*, No. 07CIV.6958RJHMHD, 2009 WL 4931363, at *22, 2009 U.S. Dist. LEXIS 125638, at *68 (S.D.N.Y. Oct. 22, 2009) (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)), *report and recommendation adopted by Baldwin v. Astrue*, 2009 WL 4931363, 2009 U.S. Dist. LEXIS 118750 (S.D.N.Y. Dec. 21, 2009). *See also Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008) ("According to Social Security Ruling 06–3p, 'only acceptable medical sources can be considered treating sources . . .whose medical opinions may be entitled to controlling weight.' 'Acceptable medical sources' are further defined (by regulation) as licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists.") (quoting 20 C.F.R. § 416.913(a) (internal citation and quotation marks omitted)). Nothing in the ALJ's

decision suggested that the ALJ even considered Ms. Zeppa as an acceptable medical source whose medical opinion might be entitled to controlling weight. Nor was there any indication that the ALJ applied the treating physician rule to Ms. Zeppa's reports. In view of this clear legal error, the Commissioner did not have a reasonable basis in law for defending the ALJ's decision. *Rugless v. Comm'r of Soc. Sec.*, No. 6:11-CV-6624 MAT, 2014 WL 2648772, at *4, 2014 U.S. Dist. LEXIS 81117, at *9 (W.D.N.Y. June 13, 2014) ("'[C]ourts in the Second Circuit commonly allow EAJA fees where the treating physician rule is abrogated.'") (quoting *Henriquez v. Chater*, No. 94 Civ. 7699(SS), 1997 WL 45351, at *3, 1997 U.S. Dist. LEXIS 1024, at *7–8 (S.D.N.Y. Feb. 5, 1997)).

The Commissioner further argues that even if the failure to evaluate Ms. Zeppa's opinion under the treating physician rule was legal error, she nonetheless had a reasonable basis in fact for her position. (Dkt. No. 25, p. 6). The Commissioner asserts that because "Ms. Zeppa never assessed that Z.L.S.R.'s functioning in the relevant period was equivalent to marked limitations or more than two standard deviations below the mean," even if credited, her opinion would not support a finding that Z.L.S.R. had a marked limitation in a domain. (*Id.*). However, as the Court previously explained,

> Although Ms. Zeppa indicated that testing yielded results indicating a score between 1.0 and 2.0 standard deviations below the mean "in one or more developmental domains," (R. 178), thus, not unequivocally meeting the definition of a "marked" limitation, *see* 20 C.F.R. § 416.926a(e)(2) (iii) ("[W]e will find that you have a 'marked' limitation when you have a valid score that is two standard deviations or more below the mean."), the Court cannot say those results, if considered together with her opinion that Z.L.S.R. "presents with a severe receptive language delay, which is marked [by][1] inability to respond appropriately to non-routine and non-practiced commands and concepts," (R. 170), and

---

[1] In the prior Memorandum-Decision and Order, the Court inadvertently quoted Ms. Zeppa as opining that Z.L.S.R. "presents with a severe receptive language delay, which is marked *in* inability to respond appropriately" (Dkt. No. 22, p. 7) (emphasis added). The Commissioner asserts that the word *by* (instead of *in*) changes the "usage of the word marked," but acknowledges that this error is "not prevailing," arguing instead that it "further illustrates that the Commissioner's position was reasonable." (Dkt. No. 25, p. 8).

4

> accorded controlling weight, would not have been sufficient to justify a finding of marked limitation in one or more of the functional domains.

(Dkt. No. 22, p. 7). Thus, the Court finds the Commissioner's argument without merit and that her position was not substantially justified.

### C.      Reasonableness of Fee Request

"Once a court has made these threshold determinations and found that an EAJA fee award is owed, a district court has broad discretion to determine the reasonable amount to be awarded." *Forrest v. Colvin*, No. 15 CIV. 1573 (KPF), 2016 WL 6892784, at *2, 2016 U.S. Dist. LEXIS 161800, at *4 (S.D.N.Y. Nov. 21, 2016). In the Second Circuit, "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011). EAJA fees "are subject to a statutory cap of $125 per hour, unless cost of living or a special factor justifies a higher fee." *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000).

#### 1.      Reasonable Hourly Rate

The Second Circuit has held that the cost of living increase over the EAJA statutory base rate of $125 per hour allowed by 28 U.S.C. § 2412(d)(2)(A) is properly measured by the Consumer Price Index ("CPI"). *Harris v. Sullivan*, 968 F.2d 263, 264–66 (2d Cir. 1992); *see also Ventura v. Barnhart*, 2007 WL 1051846, *3[2] (D. Conn. Mar. 2, 2007) ("Courts in the Second Circuit have repeatedly approved fee applications under the EAJA based upon an hourly rates adjusted to reflect increases in the Consumer Price Index.").

In this case, Plaintiff requests an award of attorney's fees and expenses in the amount of $9,361.35. (Dkt. No. 24-1, p. 3). This figure represents 44.2 attorney hours at the rate of $195.61

---

[2] No LEXIS cite available.

per hour, 7 paralegal hours at the rate of $100.00 per hour, and expenses in the amount of $15.39. (*Id.*, pp. 2–3). In support of her request, Plaintiff has attached the CPI for "All Urban Consumers" – "N.Y. – Northern N.J. – Long Island, NY – NJ – CT." (Dkt. No. 24-2, p. 2). According to the CPI, the average "Hourly Rate[] Based on Cost of Living Adjustment" for 2015 was $195.61. (*Id.*). The Commissioner objects to this rate, arguing that it is based on a Consumer Price Index "for an incorrect area." (Dkt. No. 25, p. 11). Referring to the "CPI Detailed Report Data for December 2015 at 166, available at https://www.bls.gov/cpi/cpid1512.pdf," the Commissioner asserts that the hourly rate for the Northern District of New York geographic area is $193.63. (Dkt. No. 25, pp. 11–12). The Commissioner, however, has not explained the rationale for its argument that the CPI on which it relies, for "Northeast urban," is correct and Plaintiff's is not. The Court therefore has no basis on which to question the accurateness of the rate Plaintiff seeks. Moreover, the rate requested, $195.61, falls within the range of hourly rates courts have approved in the Northern District. *See, e.g., McLark v. Colvin*, No. 6:15-CV-0620 (DEP), 2016 WL 6302093, at *2, 2016 U.S. Dist. LEXIS 148827, at *6 (N.D.N.Y. Oct. 27, 2016) (awarding hourly rate of $201.78, finding that the rate fell "comfortably within hourly rates that have been approved in this district for experienced attorneys, especially those with expertise in a particular area of practice"). The Commissioner has not contested the paralegal rate requested in this case, $100 per hour, and the Court finds it reasonable. *Casul v. Colvin*, No. 5:14-CV-01237 (LEK/ATB), 2016 WL 6072389, at *2, 2016 U.S. Dist. LEXIS 142985, at *3 (N.D.N.Y. Oct. 17, 2016) (approving as reasonable "4.2 hours of paralegal time . . . totaling $420.00"); *Martin v. Astrue*, No. 7:10-CV-1113, 2013 WL 316615, at *2, 2013 U.S. Dist. LEXIS 10817, at *6–7 (N.D.N.Y. Jan. 28, 2013) (approving as reasonable paralegal fees at the rate of $75 per hour) (citing *Kiely v. Astrue*, 2012 WL 3727164, at *2, 2012 U.S. Dist. LEXIS 135784,

at *5–6 (D.Conn. Mar. 30, 2012) ("Based on its review of the relevant cases, . . . as well as its familiarity with customary rates charged in this District, the Court finds that a rate of $100/hour is reasonable for paralegal work performed on a case in which fees are to be awarded under the EAJA.")).

### 2.    Reasonable Number of Hours

"In the Northern District of New York, as well as in other districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours." *Parsons v. Comm'r of Soc. Sec.*, No. 07-CV-1053, 2008 WL 5191725, at *1, 2008 U.S. Dist. LEXIS 99739, at *3 (N.D.N.Y. Dec. 10, 2008). Plaintiff seeks reimbursement for 51.2 hours of attorney and paralegal time. The Commissioner asserts that because "Plaintiff identifies no reason why this case should warrant a time expenditure more than 11 hours above the upper end of the 20 to 40 hour range," any award "should be reduced to an award of 33 hours." (Dkt. No. 25, p. 13).

"It is not unprecedented to award more than forty hours of fees under the EAJA," but the Court must find the fee justified by the nature of the case. *McKevitt v. Colvin*, No. 1:11-CV-970, 2014 WL 1764339, at *2, 2014 U.S. Dist. LEXIS 60445, at *4 (N.D.N.Y. May 1, 2014) (internal quotation marks omitted); *see also Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 674 (S.D.N.Y. 2010) ("Although many district courts in the Second Circuit find that twenty to forty hours is a reasonable amount of time to spend on routine Social Security cases, fees have regularly been awarded far in excess of this amount."). For example, additional hours may be justified where the case "was not routine," had a "lengthy procedural history," *id*., or "counsel was brought in at the district court litigation stage, whereupon there were numerous documents and transcripts to be reviewed" including "an extremely voluminous administrative record,

totaling nearly 700 pages." *Borus v. Astrue*, No. 09-CV-4723 PAC RLE, 2012 WL 4479006, at *3, 2012 U.S. Dist. LEXIS 143570, at *10 (S.D.N.Y. Sept. 28, 2012).

Plaintiff argues that this case is distinguishable because she "sought leave to file and then filed a reply brief, which took additional time," as did the objections she filed to the Report-Recommendation. (Dkt. No. 26, p. 11). In addition, the administrative transcript, which exceeded 500 pages, was large and required time to review and synthesize. (Dkt. No. 9). Further, having reviewed the detailed time sheets from Plaintiff's attorney, (Dkt. Nos. 24-3; 24-4; 24-5; 24-6), the Court finds that the entries show that the time spent at each stage of the case was not excessive. For example, Plaintiff's request for attorney's fees for the 2.4 hours her attorney spent preparing the motion for attorney's fees under the EAJA (Dkt. No. 24-5, pp. 2–3) is within the range of hours courts have found reasonable for EAJA petitions. *See, e.g.*, *Barbour v. Colvin*, 993 F. Supp. 2d 284, 292 (E.D.N.Y. 2014) (granting the plaintiff's "request for 4.3 hours spent in connection with his EAJA reply brief"); *Barrow v. Astrue*, No. 3:11CV00828 VLB TPS, 2013 WL 2428992, at *3, 2013 U.S. Dist. LEXIS 78167, at *10 (D. Conn. June 4, 2013) (allowing 2 hours for preparation of EAJA petition). Indeed, though surely it required attorney time, Plaintiff has not sought reimbursement for the preparation of her reply (Dkt. No. 26) to the Commissioner's opposition to her EAJA petition. Thus, the Court concludes, given the amount of briefing required and the issues involved in this case, an award of 44.2 attorney hours and 7 paralegal hours[3] is reasonable.[4] *See Jones v. Colvin*, No. 6:14-CV-06316 MAT, 2015 WL

---

[3] The Commissioner makes no challenge to the paralegal hours, only the total number of attorney/paralegal hours.
[4] The Commissioner flagged "an unexplained oddity in Plaintiff's time sheets," concerning "an entry listed for August 18, 2015 for 0.5 hours to review draft objections to the" Report-Recommendation. (Dkt. No. 25, p. 1 (citing Dkt. No. 24-3, p. 2)). The Commissioner notes that "[t]he most natural explanation is that there is an error in the year, and the relevant year should be 2016," but is concerned because there are entries by the same attorney on the same day recording work on the objections and asserts that these entries "appear as the only pair . . . that split time for the same task, by the same attorney, on the same day." (Dkt. No. 25, pp. 12–13 (citing Dkt. No. 24-3, p. 3)). The Court does not find that this pair of entries, without more, suggests a basis for questioning the reasonableness of the time Plaintiff's attorney spent in preparing objections.

6801830, at *4, 2015 U.S. Dist. LEXIS 150520, at *10 (W.D.N.Y. Nov. 5, 2015) (approving request for 46.8 hours spent by counsel in case, after considering the size of the transcript, "less-than-routine administrative history," and extent of attorney's success for client, and absence of objection by Commissioner "to any particular time entry as unreasonable or excessive"); *Smith v. Astrue*, No. 09-CV-4999 JG, 2011 WL 4056101, at *1, 2011 U.S. Dist. LEXIS 102596, at *3 (E.D.N.Y. Sept. 12, 2011) (awarding 50 hours, finding that "slightly more than the standard range of hours seems appropriate" where, *inter alia*, "the case required a full set of briefs as well as oral argument.").

        **D.**      **Payment**

Plaintiff signed a waiver of direct payment of EAJA fees and an assignment specifying payment of fees directly to her attorney. (Dkt. No. 24-7, p. 2). Plaintiff requests that in the event "the United States Department of Treasury determines that Plaintiff owes no debt [under the Treasury Offset Program, 31 U.S.C. § 3715] that is subject to offset," that the government pay the award directly to her attorney. (Dkt. No. 24-1, p. 3). "The fact that the [EAJA] awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney." *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). The fee is awarded "to the litigant" and is subject "to a federal administrative offset if the litigant has outstanding federal debts." *Id*. Mindful of *Ratliff*, district courts in the Second Circuit have specified that "'the name on the check must be plaintiff's and not her attorney's'" and directed the Commissioner to "mail the check to Plaintiff's attorney" where there is an "agreement between counsel and client." *Marshall v. Colvin*, No. 5:13-CV-00943 MAD/TW, 2015 WL 507197, at *3, 2015 U.S. Dist. LEXIS 14331, at *6 (N.D.N.Y. Feb. 6, 2015) (quoting *Manning v. Astrue*, No. 5:09-CV-88 FJS/VEB, 2011 WL 6842617, at *2, 2011

U.S. Dist. LEXIS 149276, at *6 (N.D.N.Y. Dec. 29, 2011)). Accordingly, the check shall be made payable to Plaintiff, but mailed to her attorney.

## IV.   CONCLUSION

For these reasons, it is

**ORDERED** that the Plaintiff's motion for attorney's fees (Dkt. No. 24) is **GRANTED**; and it is further

**ORDERED** that Plaintiff is awarded $9,361.35 consisting of $8,645.96 in attorney's fees, $700.00 in paralegal fees, and $15.39 in expenses;[5] and it is further

**ORDERED** that the check shall be made payable to Plaintiff and mailed to her attorney.

**IT IS SO ORDERED.**

Date:   May 19, 2017
       Syracuse, New York

*Brenda K. Sannes*

**Brenda K. Sannes**
**U.S. District Judge**

---

[5] "Reasonable out-of-pocket expenses are generally reimbursed as a matter of right in connection with an award of attorneys' fees." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 292 (E.D.N.Y. 2014) (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989)).